```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF TEXAS
                      DALLAS DIVISION
```

| | | |
|---|---|---|
| NAVID HASSANI, | § | |
| | § | |
| Petitioner, | § | |
| | § | Civil Action No. 3:09-CV-1201-D |
| VS. | § | |
| | § | |
| JANET NAPOLITANO, SECRETARY, | § | |
| U.S. Department of | § | |
| Homeland Security, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Navid Hassani ("Hassani") applies for a temporary restraining order ("TRO") against defendants Janet Napolitano, Secretary, U.S. Department of Homeland Security, and Michael Aytes, Acting Deputy Director, U.S. Citizenship and Immigration Services (collectively, "CIS"). Hassani asks the court to order CIS to issue him a Refugee Travel Document ("RTD"), valid for one year. CIS opposes Hassani's TRO application. For the reasons that follow, the court denies the application.[1]

---

[1] The court is deciding this application without conducting an evidentiary hearing or receiving oral testimony, as permitted under Fed. R. Civ. P. 43(c) (formerly Rule 43(e) before it was renumbered effective December 1, 2007 under the restyled civil rules). "Normally, Rule 43[(c)] provides the procedure for a motion to be heard. As provided by Rule 43[(c)], the court may decide a motion on affidavits or may, apparently in its discretion, direct that the matter be heard on oral testimony." *Sanders v. Monsanto Co.*, 574 F.2d 198, 199-200 (5th Cir. 1978) (addressing former Rule 43(e) and holding that civil contempt hearing was trial-type proceeding that required oral hearing rather than use of Rule 43(e) procedure).

I

Hassani, a native of Iran, came to the United States with his family when he was a minor. In 2001 his family sought asylum, protection under the Convention Against Torture, and withholding of removal status. An Immigration Judge granted the Hassanis withholding of removal status but denied their applications for asylum and protection under the Convention Against Torture. Withholding of removal status is a type of relief from deportation provided by 8 U.S.C. § 1231(b)(3).[2] Pursuant to § 1231(b)(3)(A), "the Attorney General may not remove an alien to a country if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion."

Hassani, who is now 23 years-old, continues to enjoy withholding of removal status and legally resides in the United States. In 2007 Hassani applied for an RTD, and CIS granted his application and issued him an RTD. In anticipation of the expiration of his RTD, Hassani applied for another one in 2008. CIS denied this application, finding that Hassani was not entitled to an RTD because he only held withholding of removal status. CIS concluded that the prior granting of an RTD to Hassani had been

---

[2]Withholding of removal status is sometimes referred to as "restriction on removal" or "withholding of deportation."

erroneous. Hassani appealed the decision to the Administrative Appeals Office ("AAO"), which rejected his appeal on March 5, 2009.

On June 25, 2009 Hassani filed in this court a petition for judicial review of CIS's decision. He seeks an injunction mandating that CIS issue him an RTD. Hassani is currently employed by Pinnacle Airlines ("Pinnacle") as a pilot, and he flies international routes. A valid RTD is required for this job, and Pinnacle has informed Hassani that he will be subject to termination if he does not obtain an RTD by July 22, 2009. He has applied for a TRO, essentially seeking the same relief as in his injunction application. Hassani contends that he will suffer irreparable injury if he is not immediately granted an RTD because he will be terminated from his employment as a Pinnacle pilot.

II

To obtain a TRO, an applicant must demonstrate entitlement to a preliminary injunction. *See, e.g.*, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Wright*, 1993 WL 13044458, at *1 (N.D. Tex. June 15, 1993) (Fitzwater, J.). A TRO is simply a highly accelerated and temporary form of preliminary injunctive relief.[3] Therefore, Hassani must establish four elements: (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable harm to him if the injunction is not granted, (3) that the

---

[3]Of course, unlike a preliminary injunction, a TRO can also be granted without notice (and, if granted without notice, is of limited duration).

threatened harm outweighs any damage that the injunction might cause the opposing parties, and (4) that the injunction will not disserve the public interest. *Jones v. Bush*, 122 F.Supp.2d 713, 718 (N.D. Tex.) (Fitzwater, J.) (citing *Ruscitto v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 777 F. Supp. 1349, 1353 (N.D. Tex.) (Fitzwater, J.), *aff'd*, 948 F.2d 1286 (5th Cir. 1991) (per curiam) (unpublished table decision)), *aff'd*, 244 F.3d 134 (5th Cir. 2000) (per curiam) (unpublished table decision).  "A preliminary injunction 'is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion.'"  *Id.* (quoting *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989); *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)).  "The decision to grant a preliminary injunction is to be treated as the exception rather than the rule." *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985) (stating that movant must "clearly carr[y] the burden of persuasion").

                                III

Hassani has not established a substantial likelihood of success on the merits of his petition for judicial review of CIS's decision to deny his application for an RTD.

The court reviews CIS decisions under 5 U.S.C. § 706(2)(A) of the Administrative Procedure Act.  An agency decision can be overturned only if a plaintiff can demonstrate that the decision

was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Boi Na Braza Atlanta, LLC v. Upchurch*, 2005 WL 2372846, at *5 (N.D. Tex. Sept. 27, 2005) (Lindsay, J.) (quoting § 706(2)(A)). Although the court must ensure that CIS engaged in "reasoned decision-making" in denying his application, CIS "is entitled to considerable deference in its interpretation of the governing statute." *Id.* (quoting *Nat'l Hand Tool Corp. v. Pasquarell*, 889 F.2d 1472, 1475 (5th Cir. 1989)). "A reviewing court is not to substitute its judgment for that of the agency, and the court is to show proper deference to agency expertise." *Chi-Feng Chang v. Thornburgh*, 719 F. Supp. 532, 535 (N.D. Tex. 1989) (Fitzwater, J.). "Even if statutory or regulatory language is ambiguous, deference is usually given to the agency's interpretation." *Defensor v. Meissner*, 201 F.3d 384, 386 (5th Cir. 2000). Hassani thus faces a high hurdle in attempting to establish that CIS's denial was arbitrary, capricious, an abuse of discretion, or not in accordance with law. In seeking a TRO, which is an extraordinary remedy, he faces an even higher burden in showing a substantial likelihood that CIS's decision should be overturned. Hassani has not met his burden.

CIS's decision to deny Hassani's application for an RTD is not clearly arbitrary and capricious or contrary to law. CIS applied the applicable regulations and found that Hassani, as an individual who had only been granted withholding of removal status, was not

eligible to receive an RTD. 8 C.F.R. § 223.2(b)(2)(i) (2009) provides that an application for an RTD

> may be approved if filed by a person who is in the United States at the time of application, and either holds valid refugee status under section 207 of the [Immigration and Nationality Act ("INA")], valid asylum status under section 208 of the [INA], or is a permanent resident and received such status as a direct result of his or her asylum or refugee status.

It is undisputed that Hassani does not hold asylum status under § 208 of the INA and is not a permanent resident. CIS also found that Hassani does not hold valid refugee status under § 207 of the INA. Section 207 governs the admission of refugees into the United States. 8 U.S.C. § 1157. According to CIS, the granting of withholding of removal status does not bestow valid refugee status under § 207 of the INA. The AAO reasoned when addressing Hassani's appeal:

> A grant of withholding of removal under section 241(b)(3) of the INA is not equal to a grant of asylum under section 208 of the INA or a grant of refugee status under section 207 of the INA. The "benefits" of being granted withholding of removal are that an applicant: (1) cannot be removed to a specified country unless the Department of Homeland Security can show that changed country conditions have reduced the risk of persecution; and (2) may apply for and receive employment authorization to work in the United States. The Department of Homeland Security can, however, remove the person to any country not covered by the withholding grant. Furthermore, an applicant who is granted withholding of removal still has a final order of removal against him. Therefore, if an applicant travels outside of

>the United States he will self-execute his removal order. Withholding of removal also does not lead to permanent resident status and does not grant derivative benefits to an applicant's spouse or children.

Ds. App. 27-28.

Hassani's main argument appears to be that CIS's decision was not in accordance with law, because he is a "refugee" under the definition provided by the INA.[4] CIS does not dispute that Hassani is a "refugee" under the INA's definition, however, and this issue was not pertinent to its determination of whether Hassani is eligible for an RTD. The applicable regulation does not provide that anyone falling under the definition of "refugee" is eligible for an RTD; it provides that a person is eligible if he holds valid refugee status under § 207 of the INA or valid asylum status under § 208. *See* 8 C.F.R. § 223.2(b)(2)(i). Valid refugee status under § 207 does not cover all "refugees" because § 207 only governs the admission of refugees who seek admission into the United States from foreign countries. *See INS v. Cardoza-Fonseca*, 480 U.S. 421,

---

[4]The INA provides that "refugee" means

>any person who is outside any country of such person's nationality . . . and who is unable or unwilling to return to, and is unable or unwilling to avail himself or herself of the protection of, that country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.

8 U.S.C. § 1101(a)(42)(A) (2009).

- 7 -

433 (1987). As its decision to deny Hassani's application for an RTD made clear, CIS interprets the applicable statutes and regulations to provide that a person granted only withholding of removal status does not enjoy refugee status under § 207 of the INA or asylum status under § 208. Especially considering the deference the court must show CIS in this matter, the court cannot hold that Hassani has shown that he has a substantial likelihood of showing that CIS's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

IV

Because Hassani cannot satisfy the first element of the four-part test, the court need not analyze the remaining three. *Cf. Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 203 (5th Cir. 2003) (addressing four-factor preliminary injunction test and holding that "[a]s alone, the absence of likelihood of success on the merits is sufficient to make the district court's grant of a preliminary injunction improvident as a matter of law, we need not address the three remaining prongs of the test for granting preliminary injunctions"); *see also Ponce v. Socorro Indep. Sch. Dist.*, 508 F.3d 765, 768 (5th Cir. 2007) (holding on basis of first factor alone that it was error for district court to issue preliminary injunction) ("Our analysis begins—and ends—with the first requirement.").

Therefore, Hassani's June 25, 2009 application for a TRO is denied.

**SO ORDERED.**

July 15, 2009.

                                    SIDNEY A. FITZWATER
                                    CHIEF JUDGE