```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF TEXAS
                        DALLAS DIVISION

NAVID HASSANI,                       §
                                     §
          Petitioner,                §
                                     § Civil Action No. 3:09-CV-1201-D
VS.                                  §
                                     §
JANET NAPOLITANO, SECRETARY,         §
U.S. Department of Homeland          §
Security, et al.,                    §
                                     §
          Respondents.               §
```

MEMORANDUM OPINION
AND ORDER

Respondents Janet Napolitano, Secretary, U.S. Department of Homeland Security, and Michael Aytes, Acting Deputy Director, United States Citizenship and Immigration Services ("CIS"), move for summary judgment. For the reasons that follow, the court grants the motion.

I

Plaintiff Navid Hassani ("Hassani") filed this suit seeking review of CIS's denial of his application for a Refugee Travel Document ("RTD"). Hassani is a native of Iran who is now 24-years old. In 1999 he came to the United States as a minor with his parents. Hassani was initially granted an RTD in 2007, a decision that respondents maintain was erroneous. After the one-year RTD expired, Hassani applied for a renewal, but this time CIS denied the application. The denial was affirmed by CIS's Administrative Appeals Office. Hassani seeks an injunction directing CIS to grant him an RTD. Respondents move for summary judgment dismissing this

action.

Respondents filed their summary judgment motion on October 30, 2009. Under N.D. Tex. Civ. R. 7.1(e), Hassani's response was due November 19, 2009.* Hassani has not responded to the motion. Although Hassani's failure to respond does not permit the court to enter a "default" summary judgment, the court is permitted to accept respondents' evidence as undisputed. *See Tutton v. Garland Indep. Sch. Dist.*, 733 F. Supp. 1113, 1117 (N.D. Tex. 1990) (Fitzwater, J.). Additionally, Hassani's failure to respond means that he has not designated specific facts demonstrating that there is a genuine issue for trial—in this case, a genuine issue that CIS's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. "A summary judgment nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (Fitzwater, J.) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)).

---

*At the time Hassani's response was due, Rule 7.1.(e) provided: "A response and brief to an opposed motion must be filed within 20 days from the date the motion is filed." Effective December 1, 2009, Rule 7.1.(e) was amended to provide that a response is due 21 days from the date the motion is filed. Even if the court applied the amended rule to this case, Hassani's response would still be substantially overdue.

II

The court can reverse CIS's denial of Hassani's RTD application only if the decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). Respondents maintain that, for Hassani to be entitled to an RTD, he must first be classified as a "refugee." *See* 8 C.F.R. § 223.1(b) (2009). Hassani alleges in his complaint that he meets this requirement by virtue of his father's having successfully obtained a "withholding of removal" on Hassani's behalf. *See* 8 U.S.C. § 1231(b)(3). Respondents contend, however, that a withholding of removal does not confer "refugee" status on the recipient, and thus Hassani is not a refugee and is not entitled to an RTD. They assert that Hassani did not arrive in the United States as a refugee (he was admitted to the country as a dependent of his father, who entered on a non-immigrant visa), and that he has not since achieved refugee status (his father's application for asylum on behalf of Hassani was denied). In short, respondents posit that, although there are some similarities between refugees and persons granted withholding of removal status, the two categories are not coterminous. They contend that because refugee status is a prerequisite to Hassani's obtaining an RTD, he is ineligible for one, and CIS did not abuse its discretion when it denied his application for renewal.

Respondents have pointed to the absence of any basis for

Hassani to prevail.  By failing to respond to the motion, Hassani has not demonstrated any basis to conclude that CIS's decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.  Accordingly, respondents are entitled to summary judgment dismissing this action with prejudice.

*   *   *

Respondents' motion for summary judgment is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

December 30, 2009.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE